**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| JONNIE L. CARRUTH,<br><br>              Plaintiff,<br><br>vs.<br><br>LAUREL J. BLAIR,<br><br>              Defendant. | Case No. 2:21-cv-02124-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* [EFC NO. 1]; COMPLAINT [ECF NO. 1-1] |

Pro se plaintiff Jonnie L. Carruth filed an application to proceed in forma pauperis (IFP) and a proposed complaint ECF Nos. 1 and 1-1. I grant Carruth's IFP application. ECF No. 1. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1

<b>D<small>ISCUSSION</small></b>

Plaintiff's filings present two questions: (1) whether Carruth may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Carruth's complaint states a plausible claim for relief.

**I.**       **Whether Carruth May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states that she receives $794 in disability payments per month, she owns a 2010 Chevy Malibu, and she has $4.00 in her checking account. ECF No. 1-1. I grant

plaintiff's application to proceed in forma pauperis.

## II.    Whether Carruth's Complaint States a Plausible Claim

### a.    Legal Standard

Because the Court grants Carruth's application to proceed in forma pauperis, it must review Carruth's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of

citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande*, LLC, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

### b.    Complaint

Plaintiff brings her complaint pursuant to federal question jurisdiction. ECF No. 1-1 at 3. She alleges a violation of the First Amendment. *Id.* She alleges that on February 6, 2017, she was admitted to Valley Hospital Medical Center for constipation. *Id.* at 5. Plaintiff alleges that Dr. Laurel Blair operated on her without her consent and without consulting with her family. *Id.* Plaintiff alleges that after the surgery she spent seven days in a medically induced coma in the ICU and another week in the hospital recuperating. *Id.* She alleges that after she was released from the hospital, she began having severe pain. *Id.* She alleges that between March 2017 to July 2017, she went to Dr. Laurel Blair's office at least four times to get help from her for the hernia that appeared on her stomach. *Id.* Plaintiff alleges that on her last visit to Dr. Blair's office in July of 2017, Dr. Blair said that "it was not her expertise and [she] would just have to live with it". Plaintiff alleges that in August of 2017, she found a surgeon on her own that fixed the hernia. *Id.* Plaintiff alleges that she has had two additional surgeries, numerous visits to the emergency room, and several invasive procedures because of Dr. Blair's actions. *Id.* She alleges she is in constant pain, and she seeks monetary compensation. *Id.*

The First Amendment guarantees five freedoms: (1) religion; (2) speech; (3) the press; (4) to assemble; and (5) to petition. Based on plaintiff's allegations, even under the liberal pleading standard, plaintiff has not stated a claim for violation of the First Amendment. None of her allegations pertain to any of the freedoms that the First Amendment guarantees. The First Amendment is plaintiff's only claim for relief and she brings this action pursuant to federal question jurisdiction.

Since the plaintiff must successfully state a federal claim to proceed with his case, I will not screen plaintiff's potential state court tort claims at this time. See *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

If plaintiff's federal First Amendment claim cannot survive, diversity jurisdiction does not exist in the alternative. Plaintiff lives in Nevada, and based on the facts in her complaint, it appears that Dr. Blair also lives in Nevada. If plaintiff can state a plausible federal claim, if she amends, I will review her potential state law tort claims at that time.

ACCORDINGLY,

I ORDER that Carruth's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that the Clerk of Court file the complaint (ECF No. 1-1).

I FURTHER ORDER that plaintiff's complaint (ECF 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, March 21, 2022 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if the plaintiff files an amended complaint, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  I will issue a screening order on the

amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 18th day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5