**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JONNIE L. CARRUTH,<br>　　　　　Plaintiff,<br>vs.<br>LAUREL J. BLAIR,<br>　　　　　Defendant. | Case No. 2:21-cv-02124-APG-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>Amended Complaint (ECF No. 5) |

　　　　I previously granted pro se plaintiff Jonnie L. Carruth's application to proceed in forma pauperis and dismissed her complaint with leave to amend. ECF No. 3. Plaintiff filed an amended complaint, which I now screen. ECF No. 5. I recommend that plaintiff's amended complaint be dismissed.

　　　　For brevity I will not repeat my entire analysis here, but I previously found that plaintiff's complaint, regarding an invasive procedure she received from a doctor at a Las Vegas hospital, did not state a claim for violation of the First Amendment. ECF No. 3. I found that this Court lacked jurisdiction because she brought her case against the doctor pursuant to federal question jurisdiction, and the First Amendment violation was her only federal claim. *Id*.

　　　　In plaintiff's one-page amended complaint, she alleges that "Dr. Blair was civilly negligent and committed Medical Battery against her." ECF No. 5 at 1. She alleges that, "[f]or a doctor to use forgery and fabrication to operate on [her] without her knowledge or consent is inexcusable behavior." *Id.*

　　　　Plaintiff's amended complaint does not address the issue I raised in my previous screening order, regarding how this Court has federal question jurisdiction pursuant to a First Amendment violation. For all the reasons I discussed in my previous screening order, I recommend that this case be dismissed.

ACCORDINGLY,

I RECOMMEND that that this action be DISMISSED and Judgment entered, accordingly.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 24th day of June 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE